IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND**, and **JOSEPH J. SAMOLEWICZ,** | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION No. 02-3687 |
| v. | : : : | |
| **VEHICLE SERVICES GROUP OF RHODE ISLAND, INC.** | : : : : | |
| Defendant. | : | |

_____

**COMPLAINT**

_____

**JURISDICTION AND VENUE**

1.   Plaintiffs invoke the jurisdiction of this Court pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and federal common law, 29 U.S.C. § 1331.

2.   Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, the operative employee benefit plans are administered in this District, pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), because the Court has jurisdiction over the parties, and pursuant to 28 U.S.C. § 1391(a), because Plaintiffs' claims arose in this District.

## PARTIES

3. Plaintiff Central Pennsylvania Teamsters Pension Fund ("Pension Fund") is both an "employee pension benefit plan" within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002(2)(A), and a "multiemployer plan" within the meaning of ERISA Section 3(37), 29 U.S.C. § 186(c)(5). The Pension Fund is administered by Trustees in accordance with LMRA Section 302(c)(5) and exists for the exclusive purpose of providing benefits to its participants and beneficiaries. The Pension Fund maintains its office at 1055 Spring Street, P.O. Box 15223, Wyomissing, PA 19612-5223.

4. Plaintiff Joseph J. Samolewicz ("Samolewicz") is the Administrator of the Pension Fund. He is a fiduciary of the Fund within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), and he is authorized to bring this action on the Fund's behalf.

5. Defendant Vehicle Services Group of Rhode Island, Inc. ("VSG") is a corporation which maintains its principal place of business at 100 Tidal Drive, North Kingstower, RI 02852.

## ALLEGATIONS

6. For years, VSG has been a party to a series of collective bargaining agreements with Teamsters Local Union No. 430, which agreements have obligated VSG to make prompt monthly contributions to the Pension Fund on behalf of VSG's employees represented by Local 430.

7. VSG has breached its obligation to make such contributions by withholding thousands of dollars due the Pension Fund.

8. At the filing of this Complaint, VSG remains delinquent in the contributions and interest owed to the Pension Fund.

9. Additional delinquent contributions, interest, and liquidated damages will accrue if VSG continues to violate its obligation to make prompt monthly contributions to the Pension Fund.

WHEREFORE, Plaintiffs pray the Court to grant them the following:

(a) a judgment against VSG for the contributions and prejudgment interest owed to the Pension and Welfare Funds,

(b) liquidated damages,

(c) attorneys' fees and costs,

(d) a permanent injunction prohibiting VSG, its officers, directors, employees, and agents, from any future violations of ERISA or the LMRA with respect to the Pension Fund, and

(e) such other relief as the Court finds appropriate.

_____
Frank C. Sabatino (I.D. No. 30147)
Kimberly M. Kaplan (I.D. No. 70865)
Attorneys for Plaintiff

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

PHDATA:1015225

-4-

of Counsel

Case 2:02-cv-03687-PBT     Document 1     Filed 06/10/2002     Page 4 of 4

PHDATA:1015225

-4-

of Counsel