IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND and JOSEPH J. SAMOLEWICZ, <br><br> Plaintiffs, <br><br> v. <br><br> VEHICLE SERVICES GROUP OF RHODE ISLAND, INC., <br><br> Defendant. | CIVIL ACTION <br><br> No. 02-3687 <br><br> (Judge Tucker) |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiffs' Motion for Entry of Default Judgment, and it appearing to the Court that:

1. The Complaint in the above-captioned matter was filed in this Court on June 10, 2002;

2. That the Summons and Complaint were duly served on the defendant on June 20, 2002;

3. That no answer or other defense has been filed or served by the said defendant;

4. That a request for default was filed on August 8, 2002, in the office of the Clerk of this Court; and

5. That no action has been taken by the defendant since the default was entered;

IT IS HEREBY ORDERED that judgment is hereby entered in favor of the plaintiffs and against the defendant in the above-captioned matter, and further ORDERED THAT:

1

(a) Vehicle Services Group of Rhode Island, Inc. ("Vehicle Services") pay, within 30 days of the date of this Order, the Central Pennsylvania Teamsters Pension Fund ("Pension Fund") $8,372.93 in delinquent contributions, $2,013.44 in interest due through January 31, 2003, and liquidated damages in the amount of $2,013.44, or a total amount of $12,399.81.

(b) The Pension Fund shall have 30 days from the date on which payment of the delinquent contributions is received from Vehicle Services to conduct an audit to verify Vehicle Services' compliance with its benefit obligations, and Vehicle Services shall pay the costs of such audit;

(c) Vehicle Services is ordered to pay plaintiffs' costs and attorneys fees in an amount to be determined at the time of the audit to verify Vehicle Services' compliance with its benefit obligations; and

(d) Vehicle Services and its agents, officers, employees and assigns are permanently enjoined from any future violations of the Employee Retirement Income Security Act and the Labor Management Relations Act with respect to the Pension Fund.

_____
The Honorable Petrese B. Tucker
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND and JOSEPH J. SAMOLEWICZ, : : : : Plaintiffs, : : v. : : VEHICLE SERVICES GROUP OF RHODE ISLAND, INC., : : : Defendant. | CIVIL ACTION<br><br>No. 02-3687<br><br>(Judge Tucker) |

**PLAINTIFFS' SUBSTITUTE MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiffs hereby move this Court for entry of a judgment by default in the above-captioned case, and in support thereof aver the following:

1. The Complaint in this case was filed in this Court on June 10, 2002.

2. The Summons and Complaint were duly served upon the defendant on June 20, 2002, as evidenced by the proof of service, a copy of which is attached to the memorandum accompanying this motion.

3. No answer or other defense has been filed or served by the defendant.

4. On August 8, 2002, plaintiffs filed a request for entry of default with the Clerk of this Court.

5. On August 8, 2002, the Clerk entered the default.

WHEREFORE, plaintiffs move this Court to enter a default judgment against defendant and request that plaintiffs be granted the following relief:

(a) A judgment against Vehicle Services Group of Rhode Island, Inc. ("Vehicle Services") directing it to pay, within 30 days from the date of entry of the Order, $8,372.93 in delinquent contributions, $2,013.44 in interest due through January 31, 2003, and liquidated damages in the amount of $2,013.44, or a total amount of $12,399.81.

(b) A judgment that the Pension Fund shall have 30 days from the date on which payment is received from Vehicle Services to conduct an audit to verify Vehicle Services' compliance with its benefit obligations and that Vehicle Services be required to pay the costs of each audit;

  (c) A judgment requiring Vehicle Services to pay plaintiffs' costs and attorneys fees;

  (d) A permanent injunction prohibiting Vehicle Services and its agents, officers, employees and assigns from any future violations of the Employee Retirement Income Security Act and the Labor Management Relations Act with respect to the Pension Fund; and

  (e) Such other relief as the Court finds appropriate.

    Respectfully submitted,

    STEVENS & LEE

    By _____
     Frank C. Sabatino
     Jo Bennett
     1818 Market Street, 29th Floor
     Philadelphia, Pennsylvania 19103
     (215) 751-2883

    Attorneys for Plaintiffs

Dated: February 21, 2003