IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND and JOSEPH J. SAMOLEWICZ, | : : : : : CIVIL ACTION |
| Plaintiffs, | : : No. 02-3687 |
| v. | : : (Judge Tucker) |
| VEHICLE SERVICES GROUP OF RHODE ISLAND, INC., | : : : |
| Defendant. | : : |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' SUBSTITUTE MOTION FOR DEFAULT JUDGMENT**

STEVENS & LEE
Frank C. Sabatino
Jo Bennett
1818 Market Street, 29th Floor
Philadelphia, PA 19103
215-751-2883

Dated: February 21, 2003

SL1 331026v1/20781.008

**PROCEDURAL HISTORY**

Plaintiffs, the Central Pennsylvania Teamsters Pension Fund ("Pension Fund") and Joseph J. Samolewicz, seek to recover: (1) remedies for delinquent contributions from defendant, Vehicle Services Group of Rhode Island, Inc. ("Vehicle Services"); and (2) injunctive relief to prevent future violations of Vehicle Services' obligations to contribute to the Pension Fund. Although this matter has been pending since June, 2002, defendant has never filed an appearance. Plaintiffs now move for default judgment.

**FACTS**

A. **The Pension Fund Is A Multiemployer Plan.**

The Pension Fund is a multiemployer plan within the meaning of Sections 3(2)(a) and 3(37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(2)(A) and 1002(37). (Samolewicz Decl. at ¶ 2)[1] As such, the Fund exists for the exclusive purpose of providing pension benefits to participants and beneficiaries in accordance with ERISA and Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). (Samolewicz Decl. at ¶ 3).

The Trustees of the Pension Fund, who are appointed in equal numbers by management and labor, owe their exclusive fiduciary obligations to the Pension Fund's participants and beneficiaries. (Samolewicz Decl. at ¶ 4) See NLRB v. Amax Coal Co., 453 U.S. 322, 334 (1981). The Fund, its Trustees, and agents must act in accordance with plan documents and applicable provisions of law. 29 U.S.C. § 1104(a)(1)(1). See also Moglia v. Geoghegan, 403 F.2d 110, 115-16 (2d Cir. 1968), cert. denied, 394 U.S. 919 (1969).

---

[1] All such citations are to the Declaration of Joseph J. Samolewicz, the Administrator of the Pension Fund, attached hereto as Exhibit A.

1

**B.   Vehicle Services Has an Obligation to Contribute to the Pension Fund in a Timely Manner.**

Certain of Vehicle Services' employees are represented for collective bargaining purposes by Local Union No. 430 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO ("Local 430").  (Samolewicz Decl. at ¶ 7).  This relationship has been in existence for many years.  Vehicle Services and Local 430 have negotiated a series of collective bargaining agreements that have required Vehicle Services to make contributions to the Pension Fund on a timely basis on behalf of its employees represented by Local 430. (Samolewicz Decl. at  ¶ 8).

The Pension Fund notified Vehicle Services of the breach of its obligation to make timely payments.  (Samolewicz Decl. at ¶¶ 11-12).  The Pension Fund also expressly advised Vehicle Services that it would take legal action to recover the delinquent amounts unless Vehicle Services made payment.  (Samolewicz Decl. at ¶ 12).  When Vehicle Services failed to make payment, the present action was initiated.  Vehicle Services has continued to breach its obligations to the Pension Fund.

Counsel for plaintiffs forwarded correspondence to representatives of Vehicle Services in unsuccessful attempts to settle this matter without litigation.  (Sabatino Decl. at ¶¶ 4-5)[2]  Receiving no response from defendant, as of this date, Vehicle Services continues to be delinquent in its obligations to the Pension Fund.  Vehicle Services owes the Pension Fund $8,372.93 in delinquent contributions and $2,013.44 in interest due through January 31, 2003.  (Samolewicz Decl. at ¶ 14)

---

[2]   All such citations are to the Declaration of Frank C. Sabatino, lead counsel for plaintiffs, attached hereto as Exhibit B.

2

**BASIS OF JURISDICTION**

This Court has jurisdiction under Section 502(e) of ERISA, 29 U.S.C. § 1132(e)(2), over this action by the Pension Fund and its Administrator to recover delinquent contributions from an employer. See Central Pennsylvania Teamsters Health and Welfare Fund v. Scranton Building Block Co., 882 F. Supp. 1542 (E.D. Pa. 1995); Central Pennsylvania Teamsters Pension Fund v. W&L Sales, Inc., 778 F. Supp. 820, 829 (E.D. Pa. 1991).

**DISCUSSION**

Attached hereto as Exhibit C is a copy of a default judgment that this Court entered in Central Pennsylvania Teamsters Pension Fund v. Portion Pack Food Services, Inc. No. 01-3168 (E.D.Pa. Dec 6, 2001). In addition, attached hereto as Exhibit D is a copy of a default judgment that Judge Katz entered in Teamsters Pension Trust Fund of Philadelphia and Vicinity v. T&R Management, No. 93-2024 (E.D. Pa. July 20, 1993). These judgments are virtually identical to the judgment which plaintiffs seek here. In both cases, the Court granted the plaintiff a judgment against the defendant company for the delinquent contributions, a judgment against the corporate officer declaring him to be a constructive trustee and obligating him to render a full accounting, attorneys fees and costs, and a permanent injunction prohibiting the defendant from any future violations of ERISA and the LMRA.

As shall be explained below, plaintiffs respectfully submit that the same type of judgment should be entered here.

A.  **The Court Should Enter a Default Judgment in this Case.**

On June 10, 2002, plaintiffs filed this action, demanding payment of the delinquent contributions, attorneys fees, interest, liquidated damages and injunctive relief. A copy of the Complaint is attached hereto as Exhibit E. Defendant received the Complaint and Summons via certified mail on June 20, 2002. A copy of the cover letter to defendant and the

3

return receipt are attached hereto as Exhibit F. Subsequently, on August 8, 2002, plaintiffs served defendant with a copy of the Request for Entry of Default in this matter. Defendant has never responded to the Complaint.

Pursuant to Federal Rule of Civil Procedure 12(a), defendant was required to respond to the Complaint within the time frame prescribed by the Rules. In this case, more than eight (8) months has elapsed since the date on which defendant was served with the Summons and Complaint. During this period of time, defendant has failed to answer or otherwise defend as to the Complaint, and continues to be delinquent in the amounts that it owes to the Pension Fund. In short, defendant has disregarded its statutory obligations under ERISA. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, plaintiffs respectfully submit that this Court should enter judgment by default for plaintiffs in this action.

**B.  The Court Should Award Plaintiffs the Delinquent Amounts, Interest, Liquidated Damages and Attorneys Fees.**

ERISA expressly provides that prevailing plaintiffs are entitled to: (1) the delinquent contributions; (2) interest on the unpaid amounts (29 U.S.C. § 1132(g)(2)(B)); (3) the greater of liquidated damages or doubling of the interest on the unpaid contributions (as calculated by the formula set forth in 29 U.S.C. § 1132(g)(2)(C)); (4) the attorneys fees involved in bringing the action to enforce their rights (29 U.S.C. § 1132(g)(2)(D)); and (5) such other legal or equitable relief as the Court deems appropriate.[3]

---

[3]  Section 502(g)(2) of ERISA provides:
In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section [515 of ERISA] in which judgment in favor of the plan is awarded, the court shall award the plan-
(A)  the unpaid contributions,
(B)  interest on the unpaid contributions,
(C)  an amount equal to the greater of-
   (i)   interest on the unpaid contributions, or
   (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

4

This Court has explained that "Section [502(g)(2)] was enacted because of Congress' concern over costs incurred by multiemployer plans, such as lost revenue and collection and litigation expenses, as a result of employer delinquencies." Bennett v. Machined Metals Co., 591 F. Supp. 600, 604 (E.D. Pa. 1984). Congress recognized that "the cost to plans of employer delinquency 'detract[ed] from the ability of plans to formulate or meet funding standards and adversely affect[ed] the financial health of plans.'" Agathos v. Starlite Motel, 977 F.2d 1500, 1505 (3d Cir. 1977) (quoting 26 Cong. Rec. 23,039 (1980) (remarks of Rep. Thompson)); Aetna Cas. & Sur. Co. v. Jasmine, Ltd., No. 97-3780, 1999 U.S. Dist. LEXIS 22586, at *21 (D.N.J. Dec. 15, 1999).  Therefore, "Section 515 was designed to permit trustees of plans to recover delinquent contributions efficaciously . . ." Id.

In addition to the award of interest on the delinquent contributions, ERISA also mandates that a successful fund in a suit brought under Section 515 receive an amount equal to the greater of:  (1) interest on the unpaid contributions or (2) liquidated damages provided under the plan. See ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C).  This Court has explained that this additional award of monies was "purposefully mandated" by Congress "in order to compensate plans for incidental costs caused by delays in payment." Machined Metals, 591 F. Supp. at 605.  The Pension Fund's plan document provides for an award of liquidated damages in an amount equal to the greater of twenty percent (20%) of the delinquent amount or prejudgment interest.  (Samolewicz Decl. at ¶ 15).

Plaintiffs recognize that Section 502(g)(2)(C)(ii) of ERISA entitles them to the greater of twenty percent (20%) liquidated damages amount or prejudgment interest.  In this case, they ask the Court to direct Vehicle Services to pay liquidated damages in an amount equal

---

(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E)   such other legal or equitable relief as the court deems appropriate.
29 U.S.C. § 1132(g)(2).

5

to the prejudgment interest, or $2013.44.  Also, under ERISA Section 502(g)(2)(D), 29 U.S.C. 1132(g)(2)(D), plaintiffs are entitled to recover their attorneys fees and costs of the action in the amount to be determined at the time of the audit to verify Vehicle Services' compliance with its benefit obligations to be conducted 30 days from the date on which the payment of the delinquent contributions is received.  <u>Teamsters Pension Trust Fund of Phila. and Einhorn v. Littlejohn and Teamsters Local Union No. 115</u>, 34 F.2d 285 (E.D. Pa. 1998), <u>aff'd</u>, 155 F.3d 206 (3d Cir. 1998).

These remedies are mandatory.  <u>See</u> <u>Anker Energy Corp. v. Consolidation Coal Co.</u>, 177 F.3d 161 (3d Cir. 1999); <u>Penn Elastic Co. v. United Retail and Wholesale Employees Union, Local 115 Joint Pension Fund</u>, 792 F.2d 45, 47 (3d Cir. 1986) (relying on 29 U.S.C. § 1132 and § 1451, the court held that "attorneys' fees are mandatory not discretionary") (emphasis added); <u>United Retail and Wholesale Employees Union Local 115 Joint Pension Plan v. Yahn and McDonnell, Inc.</u>, 787 F.2d 128, 134-35 (3d Cir. 1986), <u>aff'd.</u>, 481 U.S. 735 (1987) ("Attorneys' fees, costs and liquidated damages [are] mandatory upon a judgment in favor of a pension plan.").  Hence, these remedies must be granted in this case.

### C. The Court Should Award Plaintiffs the Injunctive Relief Requested in the Complaint.

Fiduciaries of multiemployer benefit plans are entitled to injunctive relief requiring delinquent employers to make future contributions pursuant to the terms of the applicable collective bargaining agreement in a timely and complete fashion.  <u>Central Pennsylvania Teamsters Health and Welfare Fund v. Scranton Building Block Co.</u>, 882 F. Supp. 1542, 1545 (E.D. Pa. 1995) (enjoining defendant from "further violation of its obligations to make contributions to the Central Pennsylvania Teamsters Health and Welfare Fund"); <u>Combs v. Hawk Contracting, Inc.</u>, 543 F. Supp. 825, 830 (W.D. Pa. 1983); <u>I.B.E.W. Local No. 910</u>

6

Welfare, Annuity, and Pension Funds ex rel. Love y. Dexelectrics, Inc., 98 F. Supp. 2d 265, 276 (N.D.N.Y. May 16, 2000); Chartier v. J & F Management Corp., 1992 WL 367115, 15 E.B.C. (BNA) 2942, 2945 (S.D.N.Y. 1992) (citing 29 U.S.C. § 1132(a)(3) as authority to award injunctive relief).  This authority is particularly compelling after the entry of a default judgment.

Teamsters Pension Trust Fund of Philadelphia & Vicinity v. ABC Transport, Inc., 5 E.B.C. (BNA) 1478 (E.D. Pa. 1984), involved a highly analogous situation, in which the two multiemployer benefit plans obtained a default judgment against an employer they had sued for delinquent obligations under ERISA.  In addition to monetary relief, Judge Newcomer granted the plaintiffs in that action an injunction precluding the employer and "its agents, officers, employees, and assigns" from committing "any future violations of [ERISA]."  Judge Newcomer found that such an injunction properly protected the "continued integrity of the Teamsters Pension Fund [, a matter] of vital importance to all union members" without unduly prejudicing the rights of the defendants -- who were merely required to comply with the law."  5 E.B.C. (BNA) at 1480.

An injunction along the lines of ABC Transport is especially appropriate in this case.  The management of Vehicle Services has exhibited total disregard for the company's obligation to contribute in accordance with the collective bargaining agreement and plan documents.  Future violations must be prevented.

## **CONCLUSION**

For the foregoing reasons, the Court should grant default judgment in favor of plaintiffs on the issue of liability because of Vehicle Services' undisputed failure to comply with its obligations under its collective bargaining agreement and welfare plan and pension certifications.  Also, under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the Court should direct Vehicle Services to pay the Pension Fund the amount of delinquent contributions plus

7

interest, liquidated damages, attorney's fees and costs of the action. Moreover, the Court should enjoin Vehicle Services from any future violations of the company's obligation to make contributions to the Pension Fund. Finally, the Court should retain jurisdiction over the action to ensure that Vehicle Services complies with the Court's Order.

                Respectfully submitted,

                STEVENS & LEE


                By _____
                  Frank C. Sabatino
                  Jo Bennett
                  1818 Market Street, 29th Floor
                  Philadelphia, Pennsylvania  19103
                  (215) 751-2883

                Attorneys for Plaintiffs

Dated:  February 21, 2003

## CERTIFICATE OF SERVICE

I certify that on this 21st day of February 21, 2003, I served by first-class mail, postage prepaid, a copy of the attached Plaintiffs' Substitute Motion for Default Judgment and accompanying Memorandum of Law upon:

>Mr. Aldo Caputo
>Vehicle Services Group of Rhode Island, Inc.
>100 Tidal Drive
>North Kingstown, RI  02852

_____
Jo Bennett